

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-18-00215-CR

---

JONATHAN BRADLEY KING, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 25526

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

In October 2014, Jonathan Bradley King pled guilty to attempted sexual assault[1] and was sentenced to ten years' confinement. Four months later, King moved for, and was granted, suspension of the remainder of his sentence in favor of placement on ten years' community supervision.[2] In October 2018, with no plea agreement in place, King pled true to two allegations in the State's motion to revoke community supervision, and the trial court sentenced King to eight years' imprisonment.

King's attorney has filed a brief stating that he has reviewed the record and has found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

---

[1]*See* TEX. PENAL CODE ANN. §§ 15.01, 22.011 (West 2019).

[2]Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3498-523, *repealed by* Act of May 26, 2015, 84th Leg., R.S., ch. 770, § 3.01, 2015 Tex. Gen. Laws 2321, 2395 (effective Jan. 1, 2017 (recodified at TEX. CODE CRIM. PROC. art. 42A.202 (West 2018)). As part of the plea agreement in October 2014, the State agreed not to oppose King's release on "shock probation" after four months' confinement, then King would be placed on ten years' community supervision.

On January 31, 2019, counsel mailed to King copies of the brief, the appellate record, and the motion to withdraw. King was informed of his rights to review the record and file a pro se response. By letter dated January 31, 2019, this Court informed King that any pro se response was due on or before March 4, 2019. On March 19, 2019, this Court further informed King that the case would be set for submission on the briefs on April 9, 2019. We received neither a pro se response from King nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[3]

Scott E. Stevens
Justice

Date Submitted:     April 9, 2019
Date Decided:       April 22, 2019

Do Not Publish

---

[3]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.